CASE 30—INDICTMENT—MAY 12.

# Martin v. Commonwealth.

APPEAL FROM METCALFE CIRCUIT COURT.

1. EVIDENCE TO SHOW MOTIVE FOR CRIME.—For the purpose of show-
ing a motive on the part of the accused to commit the crime with
which he is charged, it is competent in certain cases to prove facts
conducing to make out another and distinct offense, but no more than
is necessary to show motive should be admitted, and then the jury
should be told the purpose for which the evidence is to be considered.
It is not proper for the purpose of showing motive to allow the entire
record of another prosecution to be read to the jury.

Upon the trial of appellant for murder it was competent to show
that he had been indicted for robbery at the instance of the deceased,
but not to prove the facts tending to establish the charge, or to permit
the entire record to be read to the jury.

2. INSTRUCTION AS TO SELF-DEFENSE. — It was error to instruct the jury
that the defendant had no right to act in self-defense " if the danger to
him was occasioned by his own fault in seeking the deceased for the
purpose of inflicting death or great bodily harm upon him and endeav-
oring to execute said purpose," there being no evidence to authorize
such an instruction. The law of self-defense without qualification
should have been given.

JAMES GARNETT FOR APPELLANT. ·

1. Instruction 5, given by the court, is in conflict with the law of self-de-
fense as laid down by this court. It in effect excludes from the jury
the evidence as to threats made by the deceased and as to his reckless
and bloodthirsty character. (Young v. Commonwealth, 6 Bush, 312;
Bohannon v. Commonwealth, 8 Bush, 481; Holloway v. Commonwealth;
11 Bush, 344; Oder v. Commonwealth, 80 Ky., 32.)

2. Instruction " C" asked by appellant is, in accordance with the law, as
laid down by this court, and should have been given. (Bohannon v.
Commonwealth, 8 Bush, 481; Holloway v. Commonwealth, 11 Bush,
344.)

3. A new trial should have been granted, because of improper statements ·
made by the Commonwealth's Attorney in his closing argument to the
jury.

4. The action of the sheriff in delivering to the jury the clothing worn by
the deceased at the time he was killed was improper, and was prejudi-
cial to appellant.

93 189
d101 527

93 189
103 615

93 189
106 220

93 189
109 565
e109 566

93 189
110 110
111 538
111 542
111 544

93 189
115 618

93 189
f124 659

THOMAS H. HINES ON SAME SIDE.

1. The court erred in allowing any portion of the record of the trial for robbery to be read, except the indictment and indorsement thereon, showing that the indictment was obtained on Burk's testimony; and erred in allowing oral testimony to show that the offense of robbery had been committed; and the court erred in not, by instruction, confining the effect of the evidence to the establishment of a motive, on behalf of appellant, for the killing charged. (State v. Lewis, 19 Oregon, 481; People v. Sharp, 107 N. Y., 427; s. c. 1 Am. St. Rep., 869; Pinckord v. The State, 13 Texas App., 478; Commonwealth v. Shepherd, 1 Allen 581.)

2. The qualification of the instruction as to self-defense was error, because it deprived appellant of the right of self-defense *at the time of the killing.* (Terrell v. Commonwealth, 13 Bush, 255.)

3. The court erred in permitting a witness to testify as to a threat made by appellant to kill some person not designated.

A. W. SCOTT, GEO. T. DUFF OF COUNSEL ON SAME SIDE.

1. The court erred in permitting the State to prove facts tending to show that appellant was guilty of the offense of robbery.

2. The court should have granted a new trial, because one of the jurors had formed and expressed an opinion as to appellant's guilt prior to the trial.

3. The regular jury should have been adjourned over to the special term at which appellant was tried and they should have been exhausted before other jurors were selected.

W. J. HENDRICK, ATTORNEY-GENERAL FOR APPELLEE.

1. Instruction 5, which is complained of, contains the law of self-defense as laid down by this court. (Kennedy v. Commonwealth, 14 Bush, 340; Farris v. Commonwealth, 14 Bush, 362; Parsons v. Commonwealth, 78 Ky., 102; Lightfoot v. Commonwealth, 80 Ky., 516; Oder v. Commonwealth, 80 Ky., 32.)

2. The action of the court in allowing the jury to take to their rooms the clothing worn by the deceased when he was killed, and a diagram of the grounds and surroundings used at the trial, is not a reversible error. (Benge v. Commonwealth, MS. Op., Sept. Term, 1891; Puckett v. Commonwealth, MS. Op., Sept. Term, 1891.)

3. The record of the Barren Circuit Court, showing the indictment of appellant for robbery, was competent to show motive. (Franklin v. Commonwealth, 18 S. W. Rep., 562.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant has been convicted and sentenced to con-

finement in the State prison for life for the murder of John Burks.  He has appealed to this court, and the grounds for a reversal are, *first*, the admission of incompetent testimony; *second*, an error in an instruction given at the instance of the State.

It is made manifest from the testimony that the accused and the dead man had been so hostile towards each other for months prior to the killing that each was ready to slay the other upon the slightest provocation; and such was the bad feeling between them that when seen on the highway they had as their chief weapons either a double-barreled shot gun or a Winchester rifle.  The origin of the difficulty between the two seems to have been caused by the willingness of the appellant and his family to give shelter to the wife of Burk, who had left him and gone to the home of the appellant.  The cause of the separation is not shown from the testimony.  The dead man, however, made inquiry as to where his wife and Martin were and threatened then to kill them both, and solely for the reason that when Mrs. Burk left her husband she had gone to Martin's home, for there is not the slightest proof of any improper conduct on the part of Mrs. Burk. After this threat it seems that Martin claimed that Burk was indebted to him for services rendered (having doubtless made friends, in appearance at least), and that Burk would not pay him.  Martin, to collect his debt, used a shot gun and compelled Burk against his will to pay him, and for this conduct Burk had Martin indicted in the Barren Circuit Court for robbery.  From that time on the parties were threatening to take each the other's life, and were armed whenever seen.

On the day of the killing Burk had gone to the county

seat of Metcalfe, and passed a grocery store that was located on the highway leading to his destination. He had gone in the morning, and returning in the evening was shot from the front of this grocery store by the appellant with a double-barreled shot gun loaded with large squirrel shot. At the time he was shot Burk was in his buggy on the highway, and had with him his rifle. There were no eye witnesses to the shooting but the appellant and one Johnson. They each state that Burk first presented his rifle at the appellant, and Johnson cried out to the appellant, *look, he is going to shoot,* when the latter immediately fired both barrels of his shot gun, the contents entering the back of the deceased under the shoulder, from the effects of which he died in a few minutes. That appellant knew that Burk passed the grocery that morning is evident, and the theory of the Commonwealth is, that he placed himself at that point with a view of shooting the deceased as he passed; while the theory of the defense is, that the appellant was there looking for his wife and child, who were expected in the neighborhood that evening, and that he had been squirrel hunting with his gun. The shooting took place shortly before sundown.

We will not discuss the testimony in the case, as it must be sent back for another trial.

During the progress of the trial, for the purpose of showing a motive on the part of the accused to take the life of Burk, the fact that Burk had procured the indictment for robbery against him was permitted to be shown by the production of the indictment and the name of Burk as a witness. This was all proper, but the court permitted, over the objections of the accused, the witness

or witnesses to detail the facts connected with the robbery, the mode of extorting the money from Burk by the appellant and all the facts connected with the commission of that offense. This was erroneous and prejudicial to the accused.

Motive may be shown in certain cases by a state of facts conducing to make out another and distinct offense from that for which the accused is being tried.

In passing a counterfeit bill, for the purpose of showing a guilty knowledge, it may be shown that the accused had passed similar bills, knowing them to be counterfeit. When the husband was murdered by the accused, the intimate relation between the wife of the deceased and the accused may be shown as a motive for the commission of the offense. (Stout v. People, 4 Parker's Crim. Rep., 132.)

So it was competent to show in this case that the accused had been indicted for robbery at the instance of the deceased, but not to establish the offense by testimony of the facts necessary to show guilt, or to permit the entire record, including the affidavits for a continuance, to be read to the jury. The appellant was being tried for two offenses. His guilt of robbery was permitted to be shown in order to fix upon him the crime of murder, and must have been prejudicial to his substantial rights. This character of evidence is likely to be wrongfully considered by a jury and made to constitute a part of the offense for which the party is being tried, as it might well be argued that one so depraved as to commit the crime of robbery would not hesitate to commit murder; and we think, therefore, proof of the charge of robbery on the facts, with a view of showing guilt, was error.

Such evidence goes to the jury as a matter of necessity, for the purpose alone of showing motive on the part of the accused to commit the crime, and no more than is necessary to show motive should be allowed and then the jury told the purpose for which the evidence is to be considered by them. (Commander v. State, 60 Ala., 1; Pinckord v. State, 13 Texas App., 478.)

The instruction in regard to self-defense was qualified by adding, " unless they should further believe, beyond a reasonable doubt, that the danger to the defendant was occasioned by his own fault in seeking the said Burk for the purpose of inflicting death or other great bodily harm upon him and endeavoring to execute said purpose." While it is the law, that if the appellant stationed himself at this point, knowing the deceased would pass, for the purpose of taking the life of the deceased, and had not abandoned his intention at the time he fired, he is guilty of murder, still it seems to us on the facts proved, the law of self-defense without qualification should have been given. If the deceased first presented his rifle at the appellant, and the appellant, to save his own life, fired before the deceased, the plea of self-defense is sustained.

The judgment is reversed, with directions to award a new trial and for proceedings consistent with this opinion.