## STATE v. McGOWAN.

No. 4299.   Decided November 13, 1925.   (241 P. 314.)

1. HOMICIDE—ASSAULTS ON DECEASED'S WIFE AND DAUGHTERS AFTER KILLING DECEASED PART OF SAME TRANSACTION, AND EVIDENCE THEREOF ADMISSIBLE. In prosecution for murder, *held* that accused's acts in assaulting deecased's wife and daughters after killing deceased, though they would constitute separate crimes, were nevertheless part of same transaction, and were admissible to show wilful intent, and an abandoned and malignant heart, bringing crime within purview of Comp. Laws 1917, §§ 8023-8025.[1]

2. CRIMINAL LAW—NOT ERROR TO REFUSE TO GIVE REQUESTED CHARGES IN EXACT LANGUAGE REQUESTED, WHERE COURT'S GENERAL INSTRUCTION SUBSTANTIALLY COVERED SUCH REQUEST. It is not error to refuse requested charges in exact language requested, where court's general instruction states substantially the substance of such request.

Appeal from District Court, Seventh District, Carbon County; *George Christensen,* Judge.

Ed. McGowan was convicted of murder, and he appeals.

*R. R. Hackett,* of Park City, for appellant.

<hr />

[1] *State* v. *Bowen,* 43 Utah, 111, 134 P. 623; *State* v. *Siddoway,* 61 Utah, 189, 211 P. 968; *State* v. *Seymour,* 49 Utah, 285, 163 P. 789; *State* v. *De Weese,* 51 Utah, 515, 172 P. 290.

Corpus Juris-Cyc. References.

[1] Criminal Law  16 C. J. p. 601 n. 35, 37: Homicide 30 C. J. p. 205 n. 87.

[2] Criminal Law 16 C. J. p. 1063 n. 85; p. 1068 n. 3.

AFFIRMED, and cause remanded, with directions.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

GIDEON, C. J.

Appellant was found guilty by a jury of the crime of murder in the first degree. From the judgment entered upon the verdict, this appeal is prosecuted.

Counsel for appellant has assigned as error the refusal of the court to give certain requested instructions to the jury. Error is also based upon the rulings of the court in admitting certain testimony over the objections of appellant. The rulings of the court in regard to the requested instructions and the admission of the evidence are relied upon as constituting prejudicial error. In the oral argument and in his written brief, however, only the rulings of the court in the admission of the evidence objected to are discussed.

The homicide occurred at a place called New Helper, in Carbon county, this state. From the testimony of the witnesses for the state and of those for appellant, it appears that the deceased, on January 11, 1924, resided with his family at New Helper, and that he was regularly employed there as a section hand by a railroad company. It likewise appears that in the afternoon of that day, at about 3 or 3:30 o'clock, appellant called at the home of the deceased and spent some little time there in conversation with deceased's wife. A man by the name of Caldwell came to the house during the time appellant was there. Both appellant and Caldwell left the home of deceased and went toward the town of Helper. In the course of half or three-quarters of an hour, appellant returned to the home of the deceased. The family consisted of the deceased, his wife and two adopted daughters, one of the age of 16 and the other of the age of 12 years. All were colored people. Only the wife of the deceased was in the house at the time appellant returned. It fairly appears from the record that appellant, on the afternoon in question, had

a pint bottle of whisky in his possession, and it likewise appears that the deceased's wife had liquor in the house. Appellant testified that he and the deceased's wife drank together at the time of his first visit. The testimony as to what took place after appellant's return to the deceased's home is in conflict. The deceased's wife testified on behalf of the state, and her testimony is to the effect that, upon the second visit to the home, appellant in effect stated to her that he would kill her unless she submitted to sexual intercourse with him, and that, upon her refusal he repeated the threat and "drew a revolver in my face." This witness also testified that at that time one of her daughters returned to the home, and shortly thereafter her husband, the deceased, came in from his work; that the appellant with a gun in his hand met her husband as he came in at the kitchen door and marched him into the bedroom where the witness and one of the daughters were. This witness further testified that her husband addressed appellant, and said, "What is the matter?" and that in reply appellant addressed some opprobrious remarks to the deceased, stating to him in effect that he intended to kill "every G— d— one of you," and thereupon fired the shot which resulted in death. This witness also testified that after her husband was shot he said to appellant, "What did you shoot me for?" and in reply the appellant again cursed the deceased, and said, "I intended to kill you."

The testimony of the state is further to the effect that, during the night, and immediately following the shooting, appellant remained in the home, and at the point of a revolver caused the mother and the adopted daughters to undress, and that he thereupon proceeded to criminally assault separately the mother and the two daughters; that appellant refused to permit the mother or the daughters to render any assistance to the deceased, although the deceased was groaning and in great pain and was calling for help.

The appellant remained at the home of the deceased until about the hour of 5 o'clock the following morning. Immediately after his departure, a physician was called by the mem-

bers of the deceased's family, but the deceased died a few hours thereafter.

The rulings of the court in permitting the state's witnesses to testify as to the conduct of, or crimes committed by, the appellant after the shooting is the alleged error of which appellant now complains. The state justifies the admission of the evidence on the ground that the facts testified to were part of the res gestæ, and tended to show the intent of appellant in the commission of the crime with which he is charged.

The appellant urges the rule or principle of law that, on a trial of an accused, charged by the information with a particularly described offense, it is error to admit in evidence testimony of other and different crimes claimed to have been committed by him. It is contended that appellant was charged by the information with having unlawfully, wilfully, and with malice aforethought killed the deceased, one Bob Blevins, and that any evidence tending to show the commission of other or additional crimes was highly prejudicial and should work a reversal of the judgment, that the rulings of the court permitting the state to introduce evidence tending to prove that appellant was, during the night following the homicide, guilty of crimes other than that charged in the information, tended to prejudice the jury against him, and that such evidence was not admissible and was prejudicial. The trial court, in admitting the testimony of the state's witnesses detailing the conduct of appellant following and preceding the shooting, was careful to instruct the jury, both at the time of the admission of such testimony and in the general charge, that the testimony must not be considered by the jury for the purpose of proving other crimes than that charged in the information; that it must be considered only in connection with the offense charged and as a part of that transaction.

The rule or principle of law governing the admission of testimony respecting other crimes is stated in 2 Wharton's Criminal Evidence (10th Ed.) § 920, as follows:

"The well-settled rule that evidence of collateral crimes cannot be introduced on the trial of a homicide charge is subject to an exception where the collateral crime precedes, or is contemporaneous

with, or a part of, the charge on trial, and the circumstances sur-
rounding the collateral crime are essential to proof of or to explain
the crime charged."

In *State* v. *Bowen*, 43 Utah, 111, 134 P. 623, in the course
of the opinion, this court says:

"It is conceded that, as a general rule, evidence of separate and
similar offenses is not admissible against the accused on trial for
another specific offense. There are some exceptions:  Where it is
material or proper to show motive, or a general scheme or plan for
the commission of the alleged specific offense, where criminal intent,
or guilty knowledge of wrongful or unlawful acts or conduct with
respect to matters involved in the charge, are material,  *  *  *
and where the alleged offense and other claimed similar or separate
offenses constitute parts of one transaction, or of a general scheme
or plan, and are so related and connected that a complete account
of the entire transaction of the one cannot fairly be given without
also showing the other, or where the proof of the one necessarily
involves proving the other."

In *State* v. *Siddoway*, 61 Utah, 189, 211 P. 968, this court
held:

"No exact limitation of time can be fixed as to when another
offense tending to prove the intent of the act charged is remote,
and the decision of that question depends upon the circumstances
of the particular case, and whether evidence is too remote or not
is a question whose decision is largely in the sound discretion of
the trial court."

See, also, *State* v. *Seymour*, 49 Utah, 285, 163 P. 789;
*State* v. *De Weese*, 51 Utah, 515, 172 P. 290; *Goersen* v. *Com-
monwealth*, 99 Pa. 388.

Murder is defined by our statute (Comp. Laws Utah 1917,
§ 8023) as follows:

"Murder is the unlawful killing of a human being with malice
aforethought."

Section 8024 is:

"Such malice may be express or implied.  It is express when
there is manifested a deliberate intention unlawfully to take the life
of a fellow creature.  It is implied when no considerable provoca-
tion appears, or when the circumstances attending the killing show
an abandoned and malignant heart."

Section 8025 is:

"Every murder perpetrated by poison, lying in wait, or any
other kind of willful, deliberate, malicious, and premeditated kill-

ing; or committed in the perpetration of, or attempt to perpetrate, any arson, rape, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed; or perpetrated by any act greatly dangerous to the lives of others and evidencing a depraved mind, regardless of human life—is murder in the first degree. * * *"

The circumstances surrounding the commission of the offense of which appellant was found guilty and his conduct, both preceding and subsequent to the shooting show the crime to be one of the most revolting that has ever occurred in this jurisdiction, and tend to show intent to commit murder, as well as being evidence of an abandoned and malignant heart. The testimony of the state's witnesses tends to show that appellant went to the home of the deceased for the purpose of committing a criminal assault upon the deceased's wife, and, if necessary to accomplish the object of his visit to commit the crime of murder. The language that appellant addressed to the deceased's wife upon his return to her home indicates clearly the purpose of his visit. While it is true that his conduct and acts after the homicide, if considered without regard to what preceded such acts and conduct, might be said to be separate and distinct crimes, nevertheless they were part of the same transaction, and testimony concerning such acts and conduct was admissible, both to show willful intent and as evidencing an abandoned and malignant heart.

With respect to the refusal of the court to give certain instructions requested by appellant, which refusal is assigned as error but not argued in appellant's brief, it is sufficient to state that the substance of the requests was given in the court's general instructions to the jury. For that reason no error was committed by the court in failing or refusing to give appellant's requests in the exact language in which they were requested.

Appellant has cited and relies upon the following cases among others: *People* v. *Corey*, 148 N. Y. 476, 42 N. E. 1066; *People* v. *Wood*, 126 N. Y. 249, 27 N. E. 362; *People* v. *Greenwall*, 108 N. Y. 296, 15 N. E. 404, 2 Am. St. Rep.

415; *Williams* v. *State*, 69 Ga. 11; *Martin* v. *Commonwealth*, 93 Ky. 189, 19 S. W. 580; *Carden* v. *State*, 84 Ala. 417, 4 So. 823; *State* v. *Hyde*, 234 Mo. 200, 136 S. W. 316, Ann. Cas. 1912D, 191. These ·cases do not aid or help the contention of appellant. On the contrary, in so far as the opinions in those cases bear upon the question here involved. they aid the state.

There is no reversible error in the record. The judgment therefore must be, and it accordingly is, affirmed; and the cause is remanded to the district court of Carbon county, with directions to fix a date for the carrying into execution of its judgment.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.