## Hurst v. Commonwealth.

(Decided December 15, 1925.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Ground for Reversal, that Verdict is Against Both Law and Evidence, is too General to Require Notice.—Ground for

reversal, that verdict is against both law and evidence, is too general to require notice.

2.  Criminal Law—Alleged Newly Discovered Evidence, Asserted as Ground for Reversal, Cannot be Considered in Absence of Affidavit Presenting it.—Alleged newly discovered evidence, asserted as ground for reversal, cannot be considered in absence of affidavit presenting evidence relied upon.

3.  Rape—In Prosecution for Rape, Evidence Held for Jury.—In prosecution for rape, evidence held for jury.

4.  Criminal Law—In Prosecution for Rape, Evidence of Extraneous Offenses Held Improperly Admitted.—In prosecution for rape, proof of conversation had with defendant, in which he admitted having had intercourse with girls unnamed, held, in absence of proof that prosecutrix was mentioned, improperly admitted.

J. G. ROLLINS, D. M. BINGHAM and M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Hurst, appeals from a judgment of conviction in the Bell circuit court for the crime of rape, the punishment being fixed at ten years' confinement in the state penitentiary.   He relies upon five alleged grounds for reversal, stated as follows:

First: Because the court erred in overruling his demurrer to the indictment.

Second: The court permitted incompetent evidence to go to the jury on the trial of this case and rejected and refused to allow competent evidence to be heard by the jury.

Third: The court failed and refused to properly instruct the jury, and gave to the jury improper instructions and failed to instruct the jury on the whole law of the case.

Fourth: The verdict of the jury is against both the law and the evidence.

Fifth: Since the trial and verdict herein he has discovered new and important evidence in his favor and that he did not know of same before or during the trial.

The demurrer to the indictment was properly overruled; the indictment following the language of the stat-

ute against rape was valid. Appellant's complaint that the instructions were erroneous is equally without merit, for they conformed in all respects to the law, the jury being told that if it believed from the evidence beyond a reasonable doubt that the defendant, Hurst, in Bell county and before the finding of the indictment, did unlawfully, wilfully and feloniously rape and have carnal knowledge of and sexual intercourse with Martha Ellen Wilson, a female person, against her will and without her consent, to find him guilty and fix his punishment at confinement in the state penitentiary for not less than ten nor more than twenty years, or at death, in the discretion of the jury. The second instruction directed the jury to find the defendant not guilty if it entertained a reasonable doubt from the evidence of his guilt.

The fourth complaint that the verdict is against both the law and evidence is not well taken, and is too general in its terms to require notice. Appellant's fifth ground—newly discovered evidence in his favor—is not supported by affidavit presenting the evidence relied upon and cannot, therefore, be considered.

There appears, however, to be merit in his second ground, in which he complains of the introduction by the Commonwealth of incompetent evidence at the trial. The prosecuting witness, Mary Ellen Wilson, testified that she was at the home of her married sister on a named Sunday when appellant was there, and that about ten o'clock in the forenoon, while her sister was away from the house and only some small children there, appellant put his arm around her neck, put her on the bed and had sexual intercourse with her against her will; that she tried to call for help but no help came, and that he continued in the act for one-half of an hour. She is in part corroborated in this by some of the children about the house, who say they heard her call three times, but they could not get in the room because the door was locked, and that when they did get in she was standing by the victrola and it was playing.

Appellant denied *in toto* the charge made by the prosecuting witness, admitting only that he was there on that Sunday, and explained he boarded there regularly when he was at that mining camp, and had been there for several days on this particular occasion. He also proved by a sister of the prosecuting witness at whose house the crime is charged to have been committed, that the witness made no complaint to her of the conduct of appellant and

did not even mention the occurrence to her, although
they ·spent the afternoon and night together, the witness
leaving the next morning for her father's home some dis-
tance away.  Her sister and other witnesses also testified
that on a night previous to the Sunday on which the pros-
ecutrix claims she was raped, the father of the witness
was at the home of his daughter where the crime is stated
to have been committed, and that he examined the bank
book of appellant, showing the money he had, on deposit,
and read and understood the amount to be $5,000.00; that
the prosecutrix told her that their father had threatened
to send the witness to the house of reform and to whip
her if she did not testify to enough before the grant jury
to indict appellant; that she came with her sister, the
prosecutrix, to the courthouse on the day the prosecutrix
went before the grand jury to testify against appellant,
and that after going into the grand jury room and staying
a while she came out crying and told her sister, in sub-
stance, that their father wanted her to swear a lie against
appellant and that she would not do it; that the father
was present and told the witness if she did not go back in
the grand jury room and testify to enough to indict appel-
lant that he, the father, would send the witness to the
house of reform and whip her; that thereupon the witness
went back into the grand jury room and later the indict-
ment was returned. This evidence makes the case a doubt-
ful one upon the facts; but nevertheless, under our rule
announced in Commonwealth v. Ammerman, 198 Ky. 614,
it was for the jury. The Commonwealth called John
Thompson as a witness, who stated that he was sixty
years of age and had known appellant for some time;
that he had learned of the charge of rape made by Mar-
tha Ellen Wilson against appellant on the first Sunday in
December, 1924. He was then asked if he saw appellant
shortly after this happening and he answered that he did
see him on Monday; that they were together traveling
from Ponzi to Page, and that they had a ·conversation as
they went along under an umbrella.  The attorney for the
Commonwealth then asked:

"Q.  Tell the jury what he said, if anything, if
you had any conversation about having intercourse
with anybody, or any girl about 16, tell the jury what
he said? (To this question appellant by counsel ob-
jected but his objection was overruled and he saved
exceptions.) The witness then answered, 'he said·he
had.'

"Q. What did he say? A. He said he was a widow man, having a good time. Q. Just what did he say? A. Having dealings with young girls. Q. Tell all he said? A. He said none of them ever told on him, or hadn't yet. Q. Is that all? A. He said he wasn't afraid of them telling on him. Q. If he said anything else, tell it? A. He said he was getting pretty sharp. Q. If he said anything else, tell it? A. He said he was packing some kind of a concern to keep from getting caught up with. Q. Have you told all? A. We had a right smart talk, judge, but I didn't know this; he didn't have any certain girl. Q. If you think of anything else along that line, tell the jury? A. That is about all he said.

"Counsel for defendant at this point moved the court to exclude from the consideration of the jury each and every statement made by the witness and his testimony as a whole, and without waiving his motion, cross-examined the witness as follows: . . . etc."

As the witness made it plain that the name of the prosecutrix was not mentioned and no allusion made to her so far as he was able to determine, none of the evidence was competent. It was highly prejudicial to appellant to prove he was lately separated from his wife and that he said he had been having intercourse with girls. This evidence tended to prove that appellant had been guilty of other crimes but did not tend to support in any definite degree the charge in the indictment but was calculated to inflame the minds of the jury against appellant and to cause them to return a verdict of guilty in another otherwise doubtful case. Appellant objected to the introduction of the evidence and then, after its introduction, moved to exclude it from the consideration of the jury, and excepted to the ruling of the court in overruling his motion and objection. This properly presented the legal questions. For this error the judgment must be reversed for new trial not inconsistent herewith.