## Lee v. Commonwealth.

(Decided October 18, 1927.)

### Appeal from Harlan Circuit Court.

1. Homicide.—In prosecution for murder, evidence held to sustain conviction for manslaughter, as against claim of self-defense.
2. Courts.—Under Acts 1926, c. 31, section 12 (Ky. Stat. Supp. 1926, section 971-12), requiring circuit judge to call a special term of his court "when at the close of any regular term, as many as ten cases remain on the docket of his court, undisposed of, and not called for trial, nor under submission," a case which has been tried and resulted in a mistrial is properly counted in determining whether a special term shall be called; the words "and not called for trial" being applicable only to a case that is actually being tried at the close of the regular term.
3. Courts.—Special term of circuit court held not improperly called, under Acts 1926, c. 31, section 12 (Ky. Stat. Supp. 1926, section 971-12), nor was the court without jurisdiction to try defendant.
4. Criminal Law.—Compelling defendant to testify on cross-examination that he had been convicted of a felony, held not error, in view of Civil Code of Practice section 597, where court admonished jury that they could consider conviction only as affecting defendant's credibility as a witness.

G. J. JARVIS for appellant.

FRANK E. DAUGHERTY, Attorney General and CHAS. F. CREAL. Assistant Attorney General, for the appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

On his trial under an indictment charging him with the murder of Gracie Short, Joe Lee was convicted of

manslaughter, and his punishment fixed at five years' imprisonment. He appeals.

The homicide occurred at the home of Frank Short, who lives at the head of Clover Fork in Harlan county. There were present at the time Frank Short, his wife, Rachel Short, their daughter, Gracie Short, their son, Sharkey Short, and his infant son, their son-in-law, Henry Thomas, Everett Short, and Taggart Clark. Frank Short and others had caught some fish that afternoon and had invited Taggart Clark and Everett Short to take supper with them. After supper Gracie Short, Sharkey Short, and Taggart Clark walked out on the porch and were soon followed by Frank Short. Sharkey Short was sitting in a chair near the middle of the porch, with his infant son on his lap. His sister, Gracie, was standing near him. Taggart Clark was near the upper end of the porch. At this time Morgan Winn, a deputy constable, appellant, a deputy sheriff, Will Carroll, a county patrolman, and Frank Reynolds, a citizen whom they deputized to accompany them, were passing Frank Short's home. At the time Winn had a search warrant authorizing him to search the premises of Garfield Witt, who lived on Clover Fork some distance from the home of Frank Short. When Frank Short came out, he heard some angry talk from the road, and said, "I don't want any trouble around my house." Thereupon the shooting began and several shots were fired into the house. Gracie Short was killed, and Taggart Clark and Sharkey Short were wounded. The only person on the porch who was armed was Taggart Clark, and all the witnesses for the commonwealth say that there were no shots fired from the porch until after the shooting from the road began.

On the other hand, appellant, who admits firing into the house, and his witnesses, say that as they came up the road and got near the house some one on the porch said: "There come the men (applying a vile epithet) who got that still. I am going to shoot their God damn brains out." When this happened three shots were fired from the porch and appellant and his comrades fired into the porch to protect their own lives. After the shooting was over they left, because they were afraid to remain.

It is at once apparent that there is no merit in the contention that the verdict is flagrantly against the evidence. While the evidence of appellant and his witnesses makes out a case of self-defense, the evidence of

an equal number of witnesses for the commonwealth shows that the firing into the house by appellant and his comrades was without justification or excuse. In the circumstances it was for the jury to say which set of witnesses they believed, and to attach such weight to the evidence as they thought proper. Simmons v. Commonwealth, 207 Ky. 570, 269 S. W. 732.

The next contention is that the court was without jurisdiction to try appellant. It appears that appellant was tried at a special term of the Harlan circuit court held in the month of January, 1927, and called by the Chief Justice of the Court of Appeals pursuant to the provisions of section 12, chapter 31, Acts 1926, now section 971—12, Kentucky Statutes, Baldwin's 1926 Supplement, which, so far as material, is as follows:

"It shall be the duty of every regular circuit judge to call a special term of his court, when at the close of any regular term, as many as ten cases remain on the docket of his court undisposed of, and not called for trial, nor under submission, and upon the failure of said regular circuit judge so to do, and upon manifestation of that fact by any of the parties litigant in such cases or by counsel of record, by motion and notice in writing to the Chief Justice of the Court of Appeals, the said Chief Justice is hereby empowered, in his discretion, to call a special term of such court, for the purpose of trying such cases or hearing any motion or pleading in relation thereto and to designate any regular circuit judge, not otherwise engaged, to preside over such special term, or if no regular circuit judge is available upon a commission to be issued by the Governor, at the request of the Chief Justice, the Chief Justice may designate any member of the bar of this state having all the qualifications of a regular circuit judge to preside over such special term."

This act makes it the duty of every regular circuit judge to call a special term of his court "when at the close of any regular term, as many as ten cases remain on the docket of his court, undisposed of, and not called for trial, nor under submission," and upon his failure so to do, and the proper manifestation of that fact, the Chief Justice is empowered to call a special term for the trial of such cases.

It appears that appellant was first tried at the regular November, 1926, term of the Harlan circuit court, and that the jury failed to agree. As the statute uses the words "and not called for trial," the argument is that appellant's case, which had been tried, did not fall within the terms of the statute, and could not properly be included in the call for the special term. We are not disposed to take such a narrow view of the words "and not called for trial." The purpose of the statute was to relieve congested dockets. If the statute excluded cases in which there had been a mistrial, it would not accomplish its purpose. We are therefore forced to the conclusion that the words "and not called for trial" apply only to a case that is actually being tried at the close of the regular term. For the completion of the trial of such a case other provision will have to be made by the court. It cannot be counted as one of the ten cases remaining "undisposed of, and not called for trial, nor under submission," and therefore cannot be included in the call for the special term. As appellant's trial at the November, 1926, term resulted in a mistrial, the case stood on the same plane as if there had never been a trial, and, as the case was not being tried at the close of the regular term, it was properly counted and included in the call for the special term, and the court had jurisdiction to try the case.

Another contention is that the court erred in compelling appellant to testify on cross-examination that he had been convicted of a felony. Section 597, Civil Code, provides in terms that for the purpose of impeachment "it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of a felony." It has been held that this section applies to the cross-examination of a defendant in a criminal case where he offers himself as a witness. Commonwealth v. Welch, 111 Ky. 530, 63 S. W. 984, 23 Ky. Law Rep. 151; Id., 60 S. W. 185, 23 Ky. Law Rep. 151; Id., 110 Ky. 105, 60 S. W. 948, 23 Ky. Law. Rep. 151; Id., 60 S. W. 1118, 23 Ky. Law Rep. 151. As appellant offered himself as a witness, and the court admonished the jury that they could consider the fact that he had been convicted of a felony only as affecting his credibility as a witness, and not as evidence tending to show him guilty of the crime charged in the indictment, it is at once apparent that the evidence complained of was properly admitted.

On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.