JACK SMITH v. THE STATE.

No. 2386. Decided June 11, 1902.

**1.—Rape—Evidence—Subsequent Acts of the Parties.**

On a trial for rape, testimony is inadmissible as to acts of the parties occurring long after the alleged rape as charged, and in other and different counties than that in which the rape is alleged to have been committed.

**2.—Same.**

On a trial for rape upon a female under the age of 15 years, with her consent, it was error to admit evidence to the effect that thereafter, by agreement, the prosecutrix was married to another man in another county, who, in accordance with a previous arrangement, abandoned and turned her over to defendant, and that she and defendant lived together afterwards in other counties as man and wife.

**3.—Same.**

On a trial for rape, proof that the prosecutrix was not the wife of defendant should be made by direct evidence. It is not relevant nor permissible to prove that defendant was a married man and had two children.

**4.—Improper Argument of Counsel.**

On a trial for rape, it was reversible error for counsel for the prosecution to tell the jury, in effect, that in a case like this the law ceased to be a virtue, and it ought not to have been brought into court, notwithstanding he did not believe in mob law, as a general rule, and that if he could induce the jury to hang defendant as high as Haman, he would, when he returned home, be entitled to his wife's commendation of, "well done, good and faithful servant." It was reversible notwithstanding the court admonished him to desist, and also instructed the jury not to regard said remarks.

**5.—Rape of Female Under Fifteen Years—Defendant's Belief as to Her Age. Charge.**

On a trial for rape of a female under 15 years of age, it was no defense that defendant believed she was 15 years old; and it was not error for the court to refuse to instruct an acquittal if he so believed.

**6.—Same.**

On a trial for rape of a female under the age of 15 years, it was error for the court to instruct the jury that if defendant believed she was over 15 years of age at the time, they might take such fact into consideration in mitigation of his punishment. Nor was such a charge calculated to benefit defendant.

**7.—Same.**

A charge that, "unless you find from the evidence, beyond a reasonable doubt, that at the time of the carnal knowledge of the said E. W., by defendant, if any, she, the said E. W., was under the age of 15 years, then you will find defendant not guilty," while strangely worded, was not erroneous, nor did it shift the reasonable doubt from the State to the defendant. Defendant, however, was entitled to a fair affirmative charge upon the subject, and one not requiring interpretation or analysis in order to find out what the court may have meant.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of rape; penalty, seventy-five years imprisonment in the penitentiary.

Appellant was charged by the indictment with the rape of Elma Walker, in Falls County, on the 30th day of July, 1901, she, the said Elma, being under the age of 15 years.

The facts, in so far as they are necessary to an understanding of the case, are stated in the opinion.

*N. J. Lewellyn* and *Rice & Bartlett,* for appellant.—The court erred in permitting the State to show by the prosecutrix that she, defendant and one George Fuller left Falls County together about the 2d of August, 1901, for Belton, where Fuller procured a license to marry her, and to give the circumstances of their marriage as well as the details of her alleged criminal intimacy thereafter with defendant in Temple, and in Milam and Burleson counties, all of which occurred long after the occurrence upon which the indictment is predicated.

The court erred in permitting the State to show on cross-examination of the defendant his effort to procure his nephew to marry the prosecutrix as well as his effort to procure George Fuller to obtain license, and all evidence relating to the marriage of Fuller and the prosecutrix, and to all acts of carnal intimacy which occurred between the defendant and prosecutrix after the act charged in the indictment, and especially to all such acts occurring after her marriage in Bell, Milam and Burleson counties.

The court erred wherein it instructed the jury that they might consider other alleged acts of intercourse after the one elected by the State, whether in Falls or other counties for the purpose of establishing identity or developing res gestae of the offense.

The court erred in refusing to give defendant's special charge which in effect directed the jury not to consider for any purpose against the defendant any act of criminal intimacy which may have been shown by the proof to have been committed subsequent to the one charged in the indictment.

All acts of intercourse occurring subsequent to the one upon which the indictment was predicated are inadmissible in evidence where they do not explain or elucidate the main charge and are not res gestae of the offense charged in the indictment.

The court erred in permitting F. M. Boyles, State's attorney, in his opening argument, and T. A. Blair, Esq., private prosecutor, in his closing argument before the jury to go outside of the record and denounce the defendant, and to make use of argument that was inflammatory in its character and calculated to prejudice and which did prejudice the minds of the jury against defendant, and which was indulged in after repeated objections by defendant, as shown by bills of exception. Lancaster v. State, 36 Texas Crim. Rep., 20; Parks v. State, 35 Texas Crim. Rep., 378; Thompson v. State, 33 Texas Crim. Rep., 475; Stone v. State, 22 Texas Crim. App., 192; McConnell v. State, 22 Texas Crim. App., 369; Matthews v. State, 23 S. W. Rep., 690; Boscow v. State, 33 Texas Crim. Rep., 391; Dudley v. State, 40 Texas Crim. Rep., 35.

The court erred in that portion of its charge wherein it told the jury that notwithstanding they may believe that defendant believed at the time of the alleged intercourse she was over the age of 15 years, it would be no defense if in fact she was under the age of 15 years.

The court erred in refusing to give defendant's special charge which in effect instructed the jury that defendant would not be guilty and to acquit him if defendant in good faith believed that the prosecuting witness was over the age of 15 years, provided he acted without a want of proper care.

The court erred in refusing to give defendant's special charge which in effect instructed the jury that defendant would not be guilty if at the time of the commission of the alleged offense he acted under a mistake of fact as to the age of the girl.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assesed at confinement in the penitentiary for a term of seventy-five years; hence this appeal.

Appellant made a motion for continuances. Without entering into a discussion of it, we would observe that it does not occur to us that the

absent testimony was material or probably true. The court did not err in overruling the same.

Bills of exception numbers 3, 4 and 5 present no error.

When the prosecutrix, Elma Walker, was on the stand, the State was allowed to prove over defendant's objections that, after the carnal intercourse, which she testified to as having occurred at or about June 1, 1901, at her home in the section house at Gurley, in Falls County, about the 2d of August, 1901, thereafter, upon agreement between herself and defendant that Fuller was to marry her and turn her over to defendant, they went together to Bell County, and while in Belton, Fuller procured a marriage license and married her—defendant not being actually present at the marriage, but in the house while it was being performed; that after such marriage Fuller abandoned prosecutrix and turned her over to defendant in pursuance of their agreement; that thereafter she and defendant went from Bell County to one Ed Walker's a relative of defendant, in Milam County. They stayed there two weeks or more, cohabiting together. That thereafter they returned to Temple, in Bell County, and there lived together as man and wife for two and one-half months. That after that they went to Somerville, in Burleson County, where they lived together as man and wife for a good while. All this evidence was objected to, because the acts occurred long after the alleged rape as charged in the indictment; and occurred in other and different counties than Falls County; and that said acts could not explain or elucidate defendant's actions in Falls County in the commission of the alleged rape. Appellant objected to all the acts after said marriage of prosecutrix with George Fuller, because she was then of full age, under the law, and had all the rights and privileges of a married woman, and because rape by consent on such a person can not be committed. By another bill of exceptions appellant objected to his cross-examination by the State in regard to the same matters, urging the same grounds of objection. As they involved the same questions, we will treat both of them together. In support of the State's contention that said testimony was admissible we are referred to Hamilton v. State, 36 Texas Crim. Rep., 372, and Manning v. State, 43 Texas Crim. Rep., 302. In Hamilton's case the acts introduced in evidence were prior in point of time to the act for which appellant was being prosecuted. So the question there was not raised. In Manning's case the acts introduced in evidence were shortly after the alleged act for which appellant was being tried. The objection there urged, however, was not that the acts were subsequent, but that they related to other and distinct offenses. The court in said case held the testimony was admissible as being transactions between the same parties, and tending to show an intimacy and familiarity between them, which with other circumstances would tend to show the guilt of appellant as to the transaction charged against him in the indictment. This, as we understand it, is in accord with the authorities. Williams v. State, 8 Humph., 583; State v. Knapp, 45 N. H., 148; State v. Walters, 45 Iowa, 389. But all these cases relate to prior

acts, and not to acts or conduct occurring subsequent to the charge in the indictment. Mr. Wharton's Criminal Evidence, section 35, lays down the proposition in general terms that "In prosecutions for adultery or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to the act specifically under trial. Prior sexual attempts on the same woman are admissible, under the same limitations, on a trial of rape." We have examined the authorities, and so far as we are aware there is no case, where the party was being tried for rape, in which subsequent acts to that charged in the indictment were admitted in evidence. But it is urged by the State that rape of a girl under 15 years of age, with her consent, is as to the act of carnal intercourse analogous to cases of adultery and incest; and then the rule with reference to the admission of testimony in such cases is applicable here, that is, that any testimony which would tend to show familiarity between the parties involving like offense not too remote, though subsequent, would be admissible in evidence as a circumstance tending to show the likelihood that appellant committed the offense charged against him. We confess that the reasons for the admissibility of such testimony in the one case seem equally cogent in the other. Burnett v. State, 32 Texas Crim. Rep., 87; and particularly see Bishop, Stat. Crimes, sec. 682. However, as stated before, no authority can be found extending this doctrine to cases of rape, and we apprehend it will be found that even in incest and adultery cases, being continuous offense, such testimony is admissible only as tending to solve some controverted issue. In this case the act of carnal intercourse was abundantly proven by positive testimony on the part of the State, and it was not only not denied by appellant, but admitted by him. So that the fact of subsequent carnal intercourse between the same parties would serve to shed no light upon the truth of the allegation in the indictment, but it would serve the purpose in the minds of the jury of aggravating the punishment of appellant for the offense proved against him. Moreover, in point of time, these subsequent acts were remote, transpiring long after the alleged offense, and in other counties; and the marriage performed between prosecutrix and Fuller was not only long after the alleged offense, but would not be admissible as a subsequent offense between the same parties, under the broad latitude allowed in cases of adultery, where subsequent offenses between the same parties are admissible. We accordingly hold that none of the testimony here complained of was admissible. It was of a character highly prejudicial to appellant, and no doubt operated in the minds of the jury to enhance the punishment inflicted by them in their verdict. We do not think it was relevant to any issue in this case to prove that appellant was a married man and had two children. While it was competent for the State to show, in accordance with the allegations in the indictment, that prosecutrix was not the wife of appellant, this should be done by direct evidence to that effect.

During the progress of the argument, and while T. A. Blair, private

prosecutor, was making his closing speech to the jury on behalf of the State, he said among other things: "This is the most horrible crime so far as my long experience at the bar has brought to my attention. I am surprised that this case was ever brought here; and it ought not to have been brought here; that while I do not believe in mob law as a rule, yet in a case like this, the law ceased to be a virtue. I will be doing my duty as a citizen and a father if I can induce this jury to hang defendant as high as Haman, and then go to my home and tell my wife what I have done, and hear her remark, 'Well done, thou good and faithful servant; you have performed your duty.'" When this was objected to by counsel for appellant, Blair turned to the jury and said, "Gentlemen of the jury, let the galled jade wince; my withers are unwrung." These remarks were objected to at the time, and the court reprimanded counsel; whereupon he claimed to be replying directly to the argument of counsel for defendant, and the court instructed counsel to desist from any further remarks upon that subject, which he did. And the court furthermore, at the request of appellant, instructed the jury not to regard said remarks. In Gazley v. The State, 17 Texas Crim. App., 267, the rule was laid down that, in cases of this character, counsel could not be too careful in the discussion of the case not to travel out of the record; and especially should scrupulously avoid any improper or unfair means to secure a conviction. In Thompson's case, 33 Texas Crim. Rep., 472, remarks of a similar character were considered reversible error. It has been held, however, that ordinarily a charge of the court instructing the jury to disregard improper remarks made will cure the error. But of course there may be cases, on account of the violence of the remarks, and the inflammatory character of appeal used, where this rule would not apply. It would seem that this would be such a character of case. We can imagine no greater outrage in a court of justice than an appeal to mob law or an invocation to the jury that they should hang appellant because a mob had failed to do so. The instruction of the court could hardly eradicate from the minds of the jury the effect of such an appeal to them.

Appellant insists that the court erred in refusing to instruct the jury to the effect that, if appellant believed the prosecutrix was 15 years of age or over, to acquit him, although they might believe she was under 15 years of age at the time of the alleged commission of the offense. The rule has been laid down otherwise in this State, and we see no reason to change our holding. Edens v. State, 41 Texas Crim. Rep., 522; Manning v. State, 43 Crim. Rep., 302, 3 Texas Ct. Rep., 566. However, the court was not authorized to give the charge it did on this subject; that is, if the jury found that appellant believed prosecutrix was over 15 years of age at the time of the alleged offense, they might take such fact into consideration in mitigation of his punishment. They were not authorized to do this, and we do not believe the charge was calculated to benefit appellant. It is also contended, that the court's charge was erroneous in the following particular: "Unless you find

from the evidence beyond a reasonable doubt that at the time of the carnal knowledge of the said Elma Walker by the defendant, if any she, the said Elma Walker, was under the age of 15 years, then you will find the defendant not guilty." Said charge, to say the least of it, is strangely worded, but when analyzed we do not believe it is erroneous as announcing an incorrect legal principle, or shifting the question of reasonable doubt from the State to the defendant. However, if the facts authorized it at all, appellant was entitled to have a fair affirmative charge on this subject; one that was not liable to confuse or mislead the jury. For instance, if they had been told if they believed that the prosecutrix was of the age of 15 years or over at the time of the alleged commission of the offense, to acquit defendant; or if they had a reasonable doubt whether or not she was of the age of 15 years, or under that age, to give defendant the benefit of such doubt and acquit him; then there could have been no misunderstanding as to the import of the charge, and no necessity ror any interpretation or analysis in order to find out what the court may have meant.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*