JOHN JACKSON v. THE STATE.

No. 8862.    Delivered April 15, 1925.

Rehearing denied May 13, 1925.

**Assault to Murder—Argument of Counsel—Invited.**

Where counsel for appellant, criticised the private prosecutor on the trial, it was not improper for such counsel, within legitimate bounds, to reply to such criticisms. An argument which is occasioned and justified by the argument of counsel for the accused, is not ordinarily ground for reversal. Following Baker v. State, 4 Tex. Crim. App. 229 and cases cited. See also Branch's Ann. Tex. P. C Sec. 363 and cases there listed.

Appeal from the District Court of Kaufman County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for an assault with intent to murder; penalty, three years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder; punishment fixed at confinement in the penitentiary for a period of three years.

From the testimony of the injured party, John Williams, we take the following synopsis: The parties lived about a quarter of a mile apart. They had a misunderstanding over a settlement and the appellant was accused of disposing of some mortgaged property. Williams said he would report him to the Justice of the Peace and started towards his home when the appellant shot him. One bullet went through his arm; another entered the lower part of his hip. Appellant, using a pistol, shot five times, after which he ran to his home and got his shotgun. Williams also got his shotgun which his wife handed to him. The wounds upon Williams were described by a doctor.

Appellant's version was as follows: Williams came and demanded his wire. Appellant told him he could have it, and Williams with an oath said: "Let's go step it off." He displayed ill humor and referred to various past transactions and said: "You and old man Gabe Jones have beat me out of my money. * * * I will go and get my gun and we will have hell." At this juncture the appellant began shooting. He said he had heard of assaults made by Williams and was afraid of him; that he did not know what he had and believed he would be killed by Williams if he had anything with which to kill. Appellant shot five times and then went home. He claimed that on first going out he had no intention of killing Williams although he was afraid of him, but when Williams said he was going to get his gun and shoot him, he thought his life was in danger.

Appellant bore a good reputation as a peaceable and law-abiding citizen.

The manner in which the issues of fact were submitted to the jury in the court's charge is not assailed; nor are the rulings upon the admission of evidence complained of in bills of exception.

The argument of the attorney employed by the private prosecution was made the subject of complaint. We gather from the bills that counsel for the appellant, in the course of his argument, said that there was nothing against the accused but the private prosecution, in answer to which the private prosecutor in his argument said that he had been in the case but two days and had previously had nothing to do with it; that he had done nothing towards bringing about the indictment and that the remarks of counsel for the appellant was "an impeachment of the action of the grand jury." Upon the appellant objecting to this argument, the objection was sustained and the jury was instructed to disregard it, and no written in-

100 Tex. Crim.—34.

structions were requested. Apparently the remarks of the private prosecutor were invited. At all events, they are not deemed of a nature so harmful that any injurious effect might not have been prevented by their withdrawal. Ordinarily, where remarks, though improper, are withdrawn by the court and an instruction given to disregard them, any injury that might have come from them is obviated unless the nature of the remarks is such as would obviously impair the rights of the accused. See Kennedy v. State, 19 Texas Crim. Rep. 634; Smith v. State, 44 Texas Crim. Rep. 142; Miller v. State, 27 Texas Crim. App. 63; Branch's Ann. Tex. P. C., and cases cited. Moreover, an argument which is occasioned and justified by the argument of counsel for the accused is ordinarily not ground for reversal. Baker v. State, 4 Texas Crim. App. 229, and cases cited; also Branch's Ann. Tex. P. C., Sec. 363 and cases there listed.

We find no error in the record. The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We correct the inaccuracy in the statement touching the action of the court upon the objections of the appellant to the remarks of State's counsel. The remarks of counsel in each of the bills appear to be justified under the rule invited argument. Upon the first objection made, the court stopped the argument and instructed counsel for the State to remain within the record. Upon the second objection, the court took no action. The affirmance was not upon the fact that the argument was withdrawn but upon the conclusion that the bills showed no error warranting a reversal.

The motion is overruled.

*Overruled.*