## JOE STRINGER V. THE STATE.

No. 9708.  Delivered December 16, 1925.

### 1.—Rape—Evidence—Declarations of Prosecutrix—Improperly Admitted.

Where, on a trial for rape, it was error to permit the mother of prosecutrix to testify in detail to statements made to her by prosecutrix, as to the assault on her, when she reached home, also erroneous to permit prosecutrix to testify in detail as to what she told her mother at the same time. See Reddick v. State, 35 Tex. Crim. Rep. 463.

### 2.—Same—Subject Continued.

We think it clearly admissible for the State to prove the condition and physical appearance of the prosecutrix at the time in question, and that she was crying, and made complaint to her mother, but it was error to permit the State to have such witness (the mother) relate the details of the transaction as original testimony in this case. Following Kearse v. State, 88 S. W. 363. See also Underhill on Crim. Ev., Sec. 612.

### 3.—Same—Requested Charges—Erroneously Refused.

Where the evidence on a trial for rape clearly raises the issue of passive acquiescence or lack of proper resistance to the act of intercourse, it was error to refuse a requested charge, that mere intercourse,

coupled with passive acquiescence is not rape by force, and pointing out the resistance necessary upon the part of the alleged raped female. This issue was raised in the instant case by the testimony of the prosecutrix, and the requested charge should have been given.

Appeal from the District Court of Floyd County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction for rape, penalty 99 years in the penitentiary.

The opinion states the case.

*A. J. Fires* and *Chas. L. Black,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—Appellant was convicted in the District Court of Floyd County of the offense of rape by force upon Miss Rena Smith, and his punishment assessed at 99 years in the penitentiary.

Appellant complains of the action of the court in permitting the mother of the prosecutrix to testify, over his objection, that when the prosecutrix entered the house, she asked her what was the matter and she detailed to her the acts and facts of the alleged rape, and also to the court's permitting the prosecutrix to testify upon reaching home she told her mother in detail what took place. It is the contention of the appellant that it was proper for the court to permit the witnesses to testify that she complained, but the court erred in permitting said witness to detail the transaction relative to the offense charged, in his absence and in view of the time intervening between the time of the alleged rape and the time she reached her home. In support of said contention he cites us to the authority of Reddick v. State, 35 Tex. Crim. Rep. 463. Judge Hurt rendering the opinion in the Reddick case, wherein the facts are similar to the instant case, states:

"Now, as we have above stated, the prosecutrix complained of the outrage to her brother-in-law on the next morning after the alleged rape. Some of the details were proven, but there was no objection. This was more than the State had a right to until she was attacked. If appellant had objected to the introduction of the details in this matter, reserving his bill, then we would have held that there was error in admitting them."

We think it is clearly admissible for the State to prove the condition and physical appearance of the prosecutrix at the time in question and that she was crying and made complaint to her mother, but it was error to permit the State to have said witnesses relate the details of the transaction as original testimony in this case. Kearse v. State, 88 S. W. 363; Underhill's Criminal Evidence, Sec. 612.

The appellant insists that the court erred in the following portion of his general charge:

"You are instructed that if you believe from the evidence that the said Rena Smith consented to the sexual intercourse with the said defendant Joe Stringer, you will acquit the defendant, or if you have a reasonable doubt thereof you will acquit the defendant." The appellant contends that said paragraph requires that the prosecutrix actually or expressly consented to same and ignores the appellant's defense and contention that he would not be guilty of said offense if she tacitly or passively consented to same; and in connection therewith presented to the court his special charge No. 1, which the court refused, as follows:

"Mere intercourse coupled with passive acquiescence, is not rape by force. There must be resistance upon the part of the alleged raped female, dependent upon the circumstances surrounding her at the time and the relative strength of her and the defendant, and every exertion and means within her power must be made to prevent the penetration of the person of the woman; and unless such means and exertion are used, the defendant should be acquitted, and if you so find or have a reasonable doubt as to the facts, you will acquit the defendant."

The evidence in this case raised a controverted issue as to prosecutrix's consent by implication. The evidence shows that the prosecutrix and the appellant were practically the same size, she weighing about 140 pounds and he about 150 pounds, that the appellant was about a year younger, the prosecutrix being about 20 years old and the appellant about 19 years old. The doctor who examined the prosecutrix, testified to finding small places on her person, which would indicate that she had not been in a violent struggle. This view of the testimony is also strengthened by the testimony of the appellant's witnesses who testified to having examined the place where the alleged rape took place and that they found no evidence of any struggle and was supported also by evidence of the prosecutrix to the effect that appellant held both of her hands with one of his, and held his other hand over her mouth,

and in this way accomplished the act of intercourse. We are of the opinion that the court erred in refusing to give defendant's special charge, in view of the issues in this case to be considered in connection with that portion of the general charge complained of.

For the reasons above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the court of Criminal Appeals and approved.