### BILL McDUFF v. THE STATE.

No. 8605.   Delivered March 24, 1926.

**1.—Rape—Evidence—That Appellant is Married—Not Admissible.**

Where, on a trial of rape on a female under the age of consent, there is no necessity for showing that appellant was married to some other woman, to establish the fact that prosecutrix was not his wife, it is error for the state to prove that he is married, and has children. Following Smith v. State, 68 S. W. 995, and other cases cited.

**2.—Same—Continued—Rule Stated.**

The error in admitting this testimony was not eliminated by the fact that appellant afterward showed that he was married and had two children, it being a well settled rule of evidence that when improper testimony is admitted by the state, it is usually not cured because appellant offers other testimony along the same line for the purpose of contradicting the testimony improperly elicited by the state.

3.—Same—Argument of Counsel—Reversible Error.

Where, in his argument to the jury in a rape case, counsel for the state said, "Charley Harper, father of the prosecutrix is a better man than you, perhaps or me. We are fortunate, gentlemen, that we are trying this case in a court house of justice, all of them don't get there." This argument was improper. See Masten v. State, 271 S. W. 922, and other cases cited.

4.—Same—Continued.

The state's attorney in a case of this character will not be permitted by unmistakable inference, or otherwise, to state that in his opinion the party on trial is so clearly guilty that the father of the prosecutrix would have been justified in visiting summary punishment upon the defendant, and such argument is so clearly harmful and prejudicial as to make its withdrawal from the jury impossible.

Appeal from the District Court of Dickens County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction of rape, penalty ten years in the penitentiary.

The opinion states the case.

*G. E. Hamilton* of *Matador* and *Chas. L. Black* of Austin, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape and the punishment is ten years in the penitentiary.

The state's testimony is sufficient to show that the appellant had intercourse with the prosecutrix and at the time of so doing she was under eighteen years of age and was not the wife of appellant. The appellant defended on the ground that the prosecutrix was more than fifteen years of age at the time of the alleged rape and that she was not a female of chaste character, and on this issue appellant presented much pertinent testimony.

Appellant complains at the action of the court in permitting the state on direct examination of the prosecuting witness to prove by her that the appellant had a wife and two children. The authorities in this state seem to be clear to the effect that it is not permissible in a rape case to prove that an appellant is a married man and that he has children. Smith v. State, 68 S. W. 995; Smith v. State, 74 S. W. 556; Wilkerson v. State, 131 S. W. 1108.

There is a rather loose statement in the case of Smith v. State, 188 S. W. 984, announcing a contrary doctrine, but in this last case testimony showing that the appellant was married to another woman was held permissible, "as it was necessary to be shown that he was not married to the prosecuting witness." In this case no such issue is raised. There was no pretense or suggestion that appellant was married to the prosecutrix in this case and no necessity for showing that he was married to some other woman in order to meet this issue.

The state in this case, however, while conceding that the testimony was improperly admitted, contends that it was probably harmless in view of the fact that appellant afterwards showed that he was married and had two children. The difficulty about the state's position is that this testimony by appellant was offered after he had objected to the state going into this matter and after he had had his objections overruled and after prosecutrix had already been permitted to testify that he had a wife and two children. This would rather come under the rule that when improper testimony is admitted by the state it is usually not cured because appellant offers other testimony along the same line for the purpose of counteracting the testimony improperly elicited by the state.

Complaint is also made at the argument of the district attorney, which was as follows: "She is a mere girl; you have them in your home, indeed, fifteen, sixteen and seventeen years old. Charley Harper, father of the prosecutrix, is a better man than you perhaps or me. We are fortunate, gentlemen, that we are trying this case in the court house of justice. All of them don't get there." This argument was improper and has been condemned by this court in many cases. Argument in no wise dissimilar from that in the instant case was condemned in the case of Masten v. State, 271 S. W. 922. See also Stanchel v. State, 89 Tex. Crim. Rep. 358, 231 S. W. 120; Atkeison v. State, 273 S. W. 596. Under these cases many authorities will be found supporting the holding that the above argument is error and is of such error as to require reversal of the case. The state's attorney in a case of this character will not be permitted by unmistakable inference or otherwise to state that in his opinion the party on trial is so clearly guilty that the father of the prosecutrix would have been justified in visiting summary punishment upon the defendant and the argument is so clearly harmful and prejudicial as to make its withdrawal from the jury impracticable.

For the errors above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.