## ROBERT TABOR V. THE STATE.

No. 10030.    Delivered December 22, 1926.

**1.—Assault to Rape—Evidence—Held Inadmissible.**

Where, on a trial for rape, resulting in a conviction for an assault to rape, it was error to permit the state to prove by appellant and another witness that at the time of the supposed assault the appellant was a married man and had a wife and children at home on the night of the alleged offense. Following McDuff v. State, 281 S. W. 1073, and numerous other cases cited.

**2.—Same—Argument of Counsel—Reprehensible—Not Reversible.**

Where the private prosecutor in a trial for rape, in his argument repeatedly referred to the appellant as a married man, and urged the jury to convict him to teach him a lesson that would keep such married men at home, while reprehensible, such argument would not probably be reversible error.

Appeal from the District Court of Hale County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction of an assault with intent to rape, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of assault with intent to rape, and his punishment assessed at confinement in the penitentiary for three years.

The indictment in this case was for rape and contained five counts. The first count charged that appellant did have carnal knowledge of the prosecutrix, she being under the age of 15 years, and not being his wife. The second count charged that appellant had carnal knowledge of the prosecuting witness, she being under the age of 18 years, and not his wife. The third count charged rape by force. The fourth count charged rape by force and threats. And the fifth count charged rape by threats.

Suffice it to say that there is nothing in the record that would justify the admission of the evidence complained of in appellant's bills of exceptions Nos. 12 and 13, wherein the appellant is complaining of the action of the court in permitting the state to prove by the appellant, Robert Tabor, and the witness, Elmer Glover, that the appellant was a married man and had a wife at home on the night of the alleged offense. The authorities in this state seem to be clear to the effect that it is not permissible in a rape case to prove that an appellant is a married man and that he has children. McDuff v. State, 281 S. W. 1073; Smith v. State, 68 S. W. 995, 44 Tex. Crim. Rep. 137, 100 Amer. State Rep. 849; Smith v. State, 74 S. W. 556; Wilkinson v. State, 131 S. W. 1108, 60 Tex. Crim. Rep. 388, Ann. Cases 1912, C. 126.

Appellant complains in his bill of exceptions No. 11 of the argument of the private prosecutor in the case, wherein the prosecutor referred to the defendant nineteen times by count as a married man, and the jury was asked to convict the defendant because he was a married man and not at home and out of his place and mixed up with a young girl like the prosecuting witness and that he ought to be taught a lesson that would keep such married men as he at home. In the light of all the facts in this case, we hold that said argument, while reprehensible, would not probably be reversible error, but, in view of another trial of this case, we feel certain that this question will not arise again.

There are a number of other questions raised by the appellant, but in view of another trial we do not deem it necessary to discuss them.

For the error pointed out above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.