### EUGENE HAGOOD v. THE STATE.

No. 10653.   Delivered March 7, 1927.

Rehearing denied April 3, 1927.

#### 1.—Rape—Evidence—No Error in Admitting.

Where, on a trial for rape, the state was permtited to prove the relation of a witness to the injured party, and to the appellant which did not involve the commission of a crime, nor any discrediting matter, and no harmful consequences being observable in its admission, no error is presented.

#### 2.—Same—Evidence—Res Gestae—Properly Admitted.

Statements made to prosecutrix by appellant at the time of the act of intercourse to the effect that he had been married and ought to know,

etc., was a res gestae statement and clearly admissible, and the fact that the statement was proof that the appellant was a married man did not affect its admissibility.  Distinguishing Smith v. State, 68 S. W. 995, and McDuff v. State, 281 S. W. 1073.

### 3.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant complains that while being cross-examined by counsel for the state he was asked the following question, "You are a very virtuous young man," and his bill fails to show the answer to said question, the mere propounding of the question does not present any error.

### 4.—Same—Evidence—Cross-Examination of Appellant—No Error Shown.

Where, on his cross-examination, appellant was asked, "Who else did you live with?" to which he replied, "I lived with my wife a while," there was no error in the refusal of the court to exclude the answer, the fact disclosed, to-wit: that appellant had been married, having already been properly admitted in evidence.

### 5.—Same—Evidence—Properly Admitted.

Where the evidence disclosed that a witness, Elbert Jones, was in a position to know material facts connected with the transaction, and who was not introduced as a witness by appellant, but who had testified upon a former trial in behalf of the state, there was no error in permitting the state to recall appellant and prove by him that since the commission of the offense, he, appellant, had married the sister of said witness, and that said witness had married appellant's sister, as explanatory of the state's failure to use said witness upon the present trial.

#### ON REHEARING.

### 6.—Same—Continued.

Appellant having testified in his own behalf, and closed his case without introducing Jones, for the sole purpose of explaining its failure to use the said witness, the state made the proof by appellant of the change in the relationship between he and Jones, resulting from their respective marriage.  We cannot believe the testimony of any material injury to appellant, and his motion for rehearing is overruled.

Appeal from the District Court of Jones County.  Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The facts are mainly reviewed in the report of the former appeal of this case in 284 S. W. 547.

*Brooks & Robinson, T. J. McMahon, Ray L. Duke,* and *Stinson, Coombes & Brooks,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is rape, punishment fixed at confinement in the penitentiary for a period of five years.

This is the second appeal of the case. The facts are mainly revealed in the decision reported in 284 S. W. 547.

The alleged injured party was Esther Tabor. Her younger sister, Lena Tabor, while on the witness stand, was asked by the state how many times prior to the date of the alleged offense she had been visited by the appellant, to which she replied that he had made but one visit to her previous to that time. Bill No. 3 complains that the same witness testified that her sister, Esther Tabor, had never gone in company with any boy prior to the time of the alleged rape upon her. These bills are not self-explanatory, and we fail to perceive that they present any question for serious consideration. Such relations as the questions and answers indicate, that is, the relation of the witness to the injured party or the appellant, where they involve the commission of no crime or discrediting matter, are properly received; and in the present instance, if the inquiry related to a matter which is not material, we fail to perceive any harmful consequence that could follow it, and none has been pointed out.

Bill No. 6 makes complaint of a part of the testimony of the prosecutrix, Esther Tabor, relating to a conversation which took place between herself and the appellant at the time of the alleged act of intercourse upon which the prosecution of rape is based. It appears in the bill that as they were about to engage in the act, she told the appellant that she did not want to do so, and he said:

"Oh! come on; I have been married I know everything."

This was manifestly res gestae.

Bill No. 7 complains of the remarks of the District Attorney. The prosecutrix testified that the date of her birth had been entered in the family Bible about three years ago but the leaf had been torn out by one of the children. The District Attorney remarked that the family Bible, if presented, would not be admissible in evidence. We fail to appreciate the importance of the matter.

Bill No. 8 complains that at the time of the act upon which the prosecution is based and immediately before, the appellant said he had been married and that he ought to know. According to the prosecutrix:

"He said he had been married and he ought to know, for me

to come on and have a good time. I told him I didn't want to have a good time that way. He said he had been married and he ought to know what it was to have a good time."

This is a res gestae statement and we think it was clearly admissible. Although it referred to the fact that the appellant had been previously married, it was relevant as a part of the transaction.

While the appellant was being cross-examined, state's counsel asked him the following question:

"You are a very virtuous young man, aren't you?"

The bill fails to show the answer and also fails to show error.

On cross-examination the appellant was asked by the District Attorney how long he had resided in the county, to which he replied: "Five years;" that he came from Marion County where he had resided for three years with Mike Michael most of the time. State's counsel then asked him the following question:

"Who else did you live with?"

Appellant replied: "I lived with my wife a while."

The answer seems responsive to the question, and we think the court was not in error in refusing to exclude it. In qualifying the bill the court stated that the appellant had introduced testimony as to his good reputation for virtue and chastity and that the question was pertinent to the issue. Moreover, the information that he had been married was a matter already appropriately before the jury by reason of res gestae testimony given by the witness Esther Tabor.

In bill No. 12 it appears that after the evidence closed the appellant was recalled by the state, and it was proved by him that since the date of the alleged offense he had been married to the sister of Elbert Jones. As the bill is explained, it seems that Elbert Jones had been used as a witness on the former trial, and the court deemed it pertinent for the state to show the relationship of Jones as explanatory of the state's failure to use his testimony upon the present trial. It seems that the appellant, in his own testimony, disclosed matters showing that Jones was in a position to know some facts favorable to the appellant, and the state failed to put Jones on the witness stand to prove the contrary.

The prosecutrix was under the age of fifteen years. We fail to find anything in the record which makes applicable the principles which control the decision of this court in Smith v. State, 68 S. W. 995; McDuff v. State, 281 S. W. 1073, in which it was

announced that it was not permissible for the state to prove, as an independent and irrelevant fact, that the accused on trial for rape was a married man. The rule was not violated in the present case by proof that the appellant, as a part of the inducement to persuade the prosecutrix, a girl under fifteen years of age, to engage in sexual relation that he was a married man or had been married. As stated above, this was a part of the transaction.

The judgment is affirmed.                          *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we erroneously disposed of the matters complained of in his bill of exceptions No. 12. As we grasp the argument made by appellant in his motion, his insistence seems based on the proposition that allowing the state to bring him back on the stand and prove by him that since the commission of this offense he had married a sister of Elbert Jones and that Elbert Jones had married a sister of appellant, must have had the effect of greatly prejudicing the jury against him. The undisputed facts show that there were four people in a car together who took a ride on the evening of the alleged rape, viz.: this appellant, Elbert Jones, Lena Tabor, a sister of prosecutrix, and prosecutrix, Esther Tabor. The state introduced in its behalf Lena Tabor and Esther Tabor. There was evidence showing that at a former time the state had used Elbert Jones. The testimony of the two girls mentioned made plain before the jury the fact that if Elbert Jones so desired he could give testimony material to the solution of this case. Presuming the state to be in possession of the facts testified to by appellant when recalled, at the time complained of, the state did not deem it wise or expedient to introduce Jones. Appellant testified in his own behalf and closed his case without introducing Jones. For the sole purpose of explaining its failure to use the witness Jones, as it appears to us, the state made the proof by appellant of the change in the relationship between him and Jones resulting from their respective marriages. We cannot believe the testimony of any material injury to appellant. The prosecutrix testified unequivocally to the fact of her being under the age of consent, and that appellant had intercourse with her. She is substantially corroborated by her sister. Two doctors who examined her the next morning said she had been violated. The jury gave appellant the lowest

penalty. This does not lead us to think that anything in the testimony created any prejudice against him. We are unable to agree with appellant in his contentions.

The motion for rehearing will be overruled.

*Overruled.*