PAUL HASTINGS V. THE STATE.

No. 14386.   Delivered November 4, 1931.
Rehearing Denied November 18, 1931.

The opinion states the case.

*Clegg & Clegg,* of Trinity, and *M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment that prosecutrix, Leola Smith, was under the age of 15 years, and that appellant "did then and there have carnal knowledge of the said Leola Smith, the said Leola Smith then and there not being the wife of said Paul Hastings." Prosecutrix and Billie Burke, a woman, lived together in the Tri-State Camp in Amarillo, where appellant also had a cabin. Prosecutrix was 12 years of age, and Billie Burke was some ten years older. According to the testimony of prosecutrix, she and Billie Burke went to appellant's camp on November 9, 1930, at 8:30 p. m., where, shortly after their arrival, Billie Burke left her alone with appellant. Touching the circumstances surrounding her alleged sexual relations with appellant, prosecutrix testified, in substance, that appellant placed her on the bed, and, over her protest, had sexual intercourse with her; that she tried to push appellant off and did what she could to prevent the act; that she unfastened her bloomers, as appellant was unable to loosen them; that after the completion of the act of intercourse, she and appellant remained in the room and engaged in conversation until about 10:00 p. m., when she returned to Billie Burke's camp. Billie Burke testified that prosecutrix returned to her camp in about forty minutes after she had left her in appellant's room; that there was a discharge of some character on the clothing of prosecutrix; that she had a conversation with prosecutrix about appellant, in which prosecutrix told her what had occurred; that prosecutrix did not appear to be excited or worried.

Appellant denied that he had sexual intercourse with prosecutrix, and testified that she was not in his room on the occasion in question. He said that he went to Billie Burke's room on the evening prosecutrix claimed he ravished her, and that while he was there prosecutrix danced around the room in a suggestive and indecent manner, asking him to "jazz" with her. He testified that he declined prosecutrix's invitation and returned to his camp, where he remained but a few minutes when he was joined by one Warren Phipps, who remained with him the better part of the evening and throughout the time fixed by prosecutrix as the time she was alone with appellant in his camp. Phipps corroborated appellant as to this matter. Appellant said that prosecutrix did not come to his camp on the occasion in question. Several witnesses testified that appellant's reputation for truth and veracity, as well as his reputation for being peaceable and law-abiding, was good. The testimony last referred to was not disputed by any witness.

Bills of exception 1 to 7, inclusive, complain of the action of the trial court in refusing to permit prosecutrix to testify on cross-examination by appellant, to a course of conduct during a period of time three months prior to the alleged act with appellant. This testimony, coming from

prosecutrix, would have shown that she had been having habitual sexual intercourse with various men in rooms in the tourist camp, in hotel rooms and in garages. In some instances the testimony would have disclosed that she engaged in such acts of intercourse for money, the effect of which would have been to show that she was a common prostitute. The trial court should have admitted the testimony. The admissions prosecutrix would have made concerning her conduct in the respect mentioned were admissible as affecting her credit as a witness. Disclaiming any intention of holding that isolated acts of intercourse might have been proven as affecting prosecutrix's credit as a witness, it is observed that habitual acts of intercourse with various men—and on some occasions for money—would bring the testimony within the holding in Bigliben v. State, 68 Texas Crim. Rep., 530, 151 S. W., 1044. In that case, in a prosecution for rape on a female under the age of fifteen years, the court refused to permit appellant to prove by the prosecutrix on cross-examination that she had been an inmate of a house of prostitution in Corpus Christi, receiving men and selling her person to them. In concluding that the testimony should have been received, this court said: "We have always held, that when a person has been charged with or convicted of any offense which would involve moral turpitude, it may be shown to affect their credit. In this case a girl claiming to be under 15 years of age says that she had an act of sexual intercourse with a certain man. He denies it, and offers to show, as affecting her credit as a witness, that she was an inmate of a house of prostitution immediately prior to that alleged act, and he ought to have been permitted to have introduced evidence of that fact; the court, of course, instructing the jury the purpose for which said testimony was admitted. Of course, it is not intended to hold that other isolated acts of intercourse may be shown as affecting her credit, or for any other purpose; it is only where by her whole conduct and course in life she manifests that low state of morals which would place her in the category of what is known as a common prostitute, that it becomes admissible."

In the present case appellant denied the act of intercourse. The state relied almost entirely upon the testimony of prosecutrix. Disclaiming any intention of holding that it would have been permissible for appellant to prove the conduct in question by witnesses other than prosecutrix, we are constrained to hold that under the facts reflected by the record appellant was entitled to elicit from prosecutrix on cross-examination the testimony shown in bills of exception 5 and 6,—not on the issue of guilt, but as affecting prosecutrix's credit as a witness. It follows that we are of the opinion that said bills of exception reflect reversible error.

Appellant brings forward a bill of exception in which complaint is made of the action of the court in permitting the state to prove that prosecutrix, under circumstances not showing the statement to be res

gestae, stated to Billie Burke some of the details of the alleged transaction with appellant. It appears that the court withdrew this testimony from the jury. In view of the fact that the case is reversed on the bills of exception hereinbefore discussed, we deem it unnecessary to decide whether the withdrawal cured the error. See Stringer v. State, 102 Texas Crim. Rep., 333, 278 S. W., 208.

It appears from bill of exception No. 8 that, over his proper objection, appellant was required to testify that he drank whisky and other intoxicating liquors occasionally, although he was not·a regular drinker. The court certifies in the bill of exception that there was no issue of fact calling for the testimony. It should not have been received.

As shown by bill of exception No. 9, appellant was required to testify, over proper objection,· that he was a married man, but separated from his· wife. The court certifies that there was no issue of .fact making this testimony relevant. It should not have been received. This court has on occasions reversed cases of the character under consideration because of the admission of testimony that the accused was a married man when such testimony tended to solve no issue in the case. It is the general rule that it is not permissible in rape cases to prove the accused is a married man and that he has children, unless such testimony tends to solve some issue in the case. Tabor v. State, 106 Texas Crim. Rep., 35, 290 S. W., 165, and authorities cited.

Complaint is made of the argument of the district attorney, as reflected by several bills of exception, but as the argument is not likely to be repeated on another trial, we pretermit a discussion of the bills.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court. ..