DAVID W. LEACH V. STATE.

No. 24759. May 10, 1950.

*Dell & Perry Barber*, Colorado City, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the offense of statutory rape—that is, carnal knowledge, with or without consent, of a female under the age of eighteen years and not the wife of the accused. The punishment assessed is five years in the penitentiary.

We go direct to a discussion of the question decisive of this appeal.

Prosecutrix, sixteen years of age, testified to facts showing a case of rape by force on the part of appellant. She made an outcry to her mother, who had her examined by a physician. The physician "took some washings from the vagina and sent them to the laboratory." The physician was permitted, over objection of the appellant, to testify that the "laboratory report on their findings showed some male sperm—in the washings from the vagina."

It will be noted that the doctor testified as to the contents of the laboratory report, which was not in evidence.

The conclusion is expressed that the testimony was hearsay and subject to the objection leveled thereto. Inasmuch as the state made use of this hearsay testimony upon a controverted issue of fact, we cannot agree that its receipt in evidence should be held harmless.

We are unable to see the materiality of the testimony showing that appellant, while not a married man at the time of the alleged offense, had been married at one time, and suggest that in the event of another trial such testimony be not admitted.

The facts are amply sufficient to warrant the jury's conclusion of guilt.

Other questions presented, especially those relating to the motion for continuance and argument of state's counsel, will hardly arise upon another trial and are therefore not discussed.

For the receipt in evidence of the hearsay testimony mentioned, the judgment is reversed and the cause remanded.

Opinion approved by the Court.