BENNY RAY JOHNSON V. STATE

No. 28,732. January 30, 1957.

*Werner A. Gohmert,* Alice, for appellant.

*Sam Burris,* District Attorney, *Lawrence Warburton,* Assistant District Attorney, Alice, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is statutory rape; the punishment, ten years.

Prosecutrix, aged 16, testified that the appellant had come to her home in company with other boys on three or four occasions prior to the day in question, that he came by himself that day and asked her for a date, and returned after dark and took her for a ride. She stated that he brought his automobile to a halt and then had intercourse with her against her consent and over her protest.

Prosecutrix' mother testified that upon her return home prosecutrix reported that she had been raped and that she saw that her clothes were bloody.

Dr. Virgin, who examined prosecutrix that night, testified that he found a tear along one edge of her hymen and recovered male sperm from her vagina. He was unable to say from his examination whether or not this had been her first act of intercourse.

The appellant, aged 21, testified substantially as had the prosecutrix except that he stated that the act of intercourse was accomplished without any protest on the part of the prosecutrix.

The appellant offered several boys and girls of prosecutrix' age who testified that they had seen her hugging and kissing other boys prior to the occasion in question.

The sole question presented for review is the ruling of the court in permitting the district attorney to question, and requiring the appellant to answer, eight separate questions concerning his marital status, the location of his wife, and her condition of pregnancy. The appellant strenuously objected throughout the entire interrogation.

In the early case of Smith v. State (1902), 44 Texas Cr. Rep. 137, 68 S.W. 995, this court said:

"We do not think it was relevant to any issue in this case to prove that appellant was a married man and had two children. While it was competent for the state to show, in accordance with the allegations in the indictment, that prosecutrix was not the wife of appellant, this should be done by direct evidence to that effect."

Upon retrial of the same case in 1903, Smith v. State, 74 S.W. 556, we find the following:

"It is not permissible, in the prosecution of appellant, to prove the fact that he was a married man. This has nothing to do with his guilt or innocence of the crime of rape."

In Jenkins v. State, 60 Texas Cr. Rep. 236, 131 S.W. 542, the rule expressed above was reaffirmed.

In Wilkerson v. State (1910), 60 Texas Cr. Rep. 388, 131 S.W. 1108, we find the first exception to the above rule. In that case, the accused spirited the prosecutrix away from her parents and began to live with her as her husband. The court held that the proof of his former marriage was admissible, among other reasons, to cut off his defense that she was his common law wife, but held it error to prove that he had children whom he had abandoned.

Soon thereafter, in Battles v. State (1911), 63 Texas Cr. Rep. 147, 140 S.W. 783, this court had a case in which a 44-year old man had been paying long and expensive court to a 13-year old daughter of a tenant farmer. The court said that the case before it was an exception to the rule expressed in the Smith cases, supra, because in those cases the act of intercourse had

been admitted, as it was in the case at bar, while in the case then under consideration the accused denied the same. They held that proof of his marriage was admissible in such a case because such proof supported the uncorroborated testimony of the prosecutrix by establishing the evil purpose with which the accused pursued the child while knowing that he could not marry her.

We next find some dicta in an opinion by Judge Harper in another Smith case in 80 Texas Cr. Rep. 82, 188 S.W. 983, but such dicta was disclaimed in the following case, and it will not be discussed.

Following this, in 1926, in McDuff v. State, 103 Texas Cr. Rep. 668, 281 S.W. 1073, the court overruled the last Smith case mentioned and said:

"The authorities in this state seem to be clear to the effect that it is not permissible in a rape case to prove that an appellant is a married man and that he has children."

In the next year, in Tabor v. State, 106 Texas Cr. Rep. 35, 290 S.W. 165, we find this expression:

"Suffice it to say that there is nothing in the record that would justify the admission of the evidence complained of in appellant's Bills of Exception Nos. 12 and 13, wherein the appellant is complaining of the action of the court in permitting the state to prove by the appellant, Robert Tabor, and the witness Elmer Glover, that the appellant was a married man and had a wife at home on the night of the alleged offense. The authorities in this state seem to be clear to the effect that it is not permissible in a rape case to prove that an appellant is a married man and that he has children."

In the same year, we find another exception similar to that in the Wilkerson and Battles cases set forth in Hagood v. State, 106 Texas Cr. Rep. 450, 292 S.W. 904. In this case, the prosecutrix testified that she remonstrated just prior to the act of intercourse and the appellant told her, "Oh come on; I have been married, and I know everything." The court held that this res gestae statement authorized further questioning on the subject.

Then, in 1931, in Hastings v. State, 119 Texas Cr. Rep. 507, 43 S.W. 2d 113, we find the following statement which appears

to be a repetition of the rule expressed in the early Smith case as follows:

"It is the general rule that it is not permissible in rape cases to prove the accused is a married man and that he has children unless such testimony tends to solve some issue in the case."

In the case of Weaver v. State (1935), 129 Texas Cr. Rep. 317, 86 S.W. 2d 758, the appellant plead alibi and called his mother to support his testimony. She was properly cross-examined as to who else was present at the time and place mentioned in the alibi and answered, "Margie, his wife." The court instructed the jury to disregard the answer, and the court affirmed the conviction, saying under the peculiar facts before them no reversible error appeared but that "in most cases such proof would be irrelevant and immaterial in which case the trial court should not admit it."

In the relatively recent case of Turpin v. State, 149 Texas Cr. Rep. 179, 192 S.W. 2d 277, this Court said:

"As contended by the appellant, this court has frequently held that in a prosecution of this nature it is error to prove that appellant was a married man. There have been some inconsistent holdings and some criticism of this line of authority, but we do not believe that the rules have been relaxed and do not wish to be so understood at this time. We call attention to the very able discussion of the subject in the opinion by the late Judge Martin, a commissioner of this court, in the case of Forrester v. State, 109 Texas Cr. Rep. 361, 4 S.W. 2d 966."

See also Leach v. State, 154 Texas Cr. Rep. 560, 229 S.W. 2d 809, in which we held inadmissible proof that the accused, though not married at the time of the commission of the offense, had at one time been married.

We have reviewed the authorities in the hope that we might clarify the state of the law and answer the state's contention that this case falls into one of the exceptions noted above.

It is apparent from the statement of facts in the case at bar that it does not and that the court erred in his rulings on the question.

The judgment is reversed and the cause remanded.