IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-557-CR




MARVIN HALSTEAD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0921925, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault of a child and assessed
punishment at imprisonment for twenty-eight years. Act of May 26, 1987, 70th Leg., R.S., ch.
573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18, 1987, 70th Leg., 2d C.S., ch.
16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since amended). We will
affirm.

 The complaining witness was the daughter of Amelia Moreno. Appellant lived with
Moreno and her children for four years until Moreno's death in 1990, and the children continued
to live with appellant thereafter. Although appellant and Moreno were not formally married, there
is evidence from which it might be inferred that their relationship was a common-law marriage. 
The incident on which this prosecution is based occurred in July 1988, when the complainant was
twelve years old.

 In his first point of error, appellant complains of the district court's refusal to admit
in evidence a letter written by the complainant in which she asked to remain with appellant after
her mother died. The complainant was questioned about the letter during cross-examination.



Q But shortly before your mother died, isn't it true that you wrote a letter to
whom it may concern, asking that you not be sent to live with other relatives?


A No.


Q Do you recall that?


A Yes, I did. Yes, I did.


Q Do you recall asking in this letter that in the event of your mother's death that
you are allowed to stay in the custody of Marvin Halstead?


A Yes, I did.


Q And did you also state that you had come to care for him because he has
always been there for you?


A I did.


Q And you also love him very much and it would hurt both of us deeply if
someone tried to take you away from him?


A Yes, I did.


Q You also stated that if you were placed with any other relatives, you felt that
you may be abused and neglected?


A Yes, I did.


Q And you also further stated that it is your wish to stay in the custody of your
father Marvin, you will not live with anyone else, is what you said, you
refused to live with anyone else, correct?


A Yes, I did.


Q And you said you were writing that letter because of the fear that you may be
taken away from him, correct?


A Yes, I did.


Q And you ended that letter by saying these are my true feelings, correct?


A Yes, I did. Also, take into account, please, that my mother was right there. 
She was ill.



 At this point, appellant offered the letter in evidence. Although the prosecutor did
not state the basis for his objection, the court understood it to be that the letter was not admissible
under Rule 612: "That is impeachment and she has been impeached. The basis of offering the
original document is when she denies it. She hasn't denied a thing that you asked her." Tex. R.
Crim. Evid. 612(a). Defense counsel urged that the letter was admissible "so that the jury can
have documentary evidence of the things that were stated in this letter." On appeal, appellant
repeats this argument, asserting that the letter itself was the best evidence of its contents. Tex.
R. Crim. Evid. 1002.

 Rule 1002 is not an independent basis for the admission of evidence. The letter
was an out-of-court statement offered to prove the truth of the matters stated. As such, it was
hearsay. Tex. R. Crim. Evid. 801(d). (1) The district court correctly ruled that the statements made
in the letter were admissible only to impeach the complainant's testimony and that, because the
complainant unequivocally admitted the statements, extrinsic evidence of the statements was not
admissible. Rule 612(a). Point of error one is overruled.

 The complainant testified that she had been sexually abused by three other men (her
mother's former boyfriend and two uncles) before appellant and her mother began living together. 
In point of error two, appellant contends the district court erred by permitting Melissa Halstead,
the complainant's sister who married appellant following the death of her mother, to testify that
she also had been sexually abused by these men. Appellant objected that the challenged testimony
was irrelevant and constituted improper bolstering. The district court overruled these objections,
holding that the testimony was admissible to rehabilitate the complainant following impeachment.

 The record supports the court's ruling. Defense counsel cross-examined the
complainant about the other acts of abuse as follows:



Q Now, on these other abuse situations, I believe your testimony was that when
-- did you hate Michael Figueroa before he abused you?


A I hated him all the time. I didn't like him.


Q And let's talk about Michael MacArthur. How did you feel about him before
he abused you?


A I didn't like him either, for the basic fact I couldn't even talk to my mom
without him getting mad.


Q So you hated him, too?


A Yes.


Q And Jesse Guerrero, I believe you also testified, you hated him, didn't you?


A I didn't like him.


Q You hated him before he abused you?


A Yes.


Q And it wasn't until you started hating Marvin Halstead that you brought up
these allegations to anybody, is it? Isn't that true?


A No, it is not true. Yes, I did not like him, but that is not why I brought -- I
didn't -- that is -- the only reason I said what I said was because I felt it was
necessary for me in order for me to start healing. . . .


Q It wasn't because you just got so furious with Marvin Halstead you wanted to
punish him and make sure he paid for the way he treated you or the way you
thought he treated you?


A No, it is not that. He deserves everything.


Q Because you hate him, right?


A Because of what he did. Not because I hate him. Yes, I do hate him, but for
what he did.



The district court could reasonably conclude that this questioning raised an issue whether the
complainant had a history of making false accusations of sexual misconduct against men she did
not like. Melissa Halstead's testimony describing her abuse at the hands of the same persons
tended to rehabilitate the complainant on this point. Point of error two is overruled.

 In his final point of error, appellant contends the district court erred by requiring
Melissa Halstead to testify that she was appellant's wife. Appellant relies on the longstanding rule
that it is impermissible to prove that a person accused of sexual assault is married unless that fact
is relevant to some issue in the case. Wilhoit v. State, 638 S.W.2d 489, 492 (Tex. Crim. App.
1982); Johnson v. State, 298 S.W.2d 132 (Tex. Crim. App. 1957).

 If the jurors had not been told that appellant was married to Melissa Halstead, it
is likely they would have inferred it from her surname. Moreover, appellant did not object to
testimony regarding his relationship with Amelia Moreno, including testimony that the
complainant thought of appellant as her father. Appellant also testified that he had been married
twice before he began cohabiting with Moreno. Because appellant's marital status was proved by
other evidence, the district court did not err by overruling appellant's objection to the State's
questioning of Melissa Halstead. Lassere v. State, 458 S.W.2d 81 (Tex. Crim. App. 1970). 
Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 21, 1994

Publish

1.   In a previous opinion, this Court held that an out-of-court statement by a sexual assault
victim was an admission by a party-opponent and therefore not hearsay. Cuyler v. State, 841
S.W.2d 933, 935 (Tex. App.--Austin 1992, no pet.); Tex. R. Crim. Evid. 801(e)(2). This holding
has been criticized on the ground that the State, not the victim, is the party-opponent of the
accused in a criminal proceeding. 2 Steven Goode, Olin Guy Wellborn III, & M. Michael
Sharlot, Guide to the Texas Rules of Evidence: Civil and Criminal § 801.8 (Texas Practice 2d ed.
1993). Upon further consideration, we conclude that the complainant in a criminal prosecution
is not a party within the meaning of Rule 801(e)(2) and that we erred by holding to the contrary
in Cuyler. We also note that the complaining witness's letter was not a "prior statement by
witness" within the meaning of Rule 801(e)(1). Tex. R. Crim. Evid. 801(e)(1).